SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**LEAH K. BOLSTAD, OSB #052039**
Leah.Bolstad@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:23-cr-00314-SI** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **MICHAEL GENE PETERSON,** | |
| **Defendant.** | |

After serving multiple prior prison terms for illegal possession of firearms and drug trafficking, defendant once again engaged in that very same activity. He is a repeat offender who has a history of poor compliance with the rules of supervision. He is undeterred from drug dealing and possessing firearms. He commits new drug dealing and firearm-related crimes while on supervision. The government recommends, as a sentence sufficient but not greater than necessary, a sentence of 120 months' imprisonment, followed by <u>eight</u> years of supervised release with all the standard conditions, and a $100 fee assessment. If defendant complies with the terms of his global plea agreement and pleads guilty to Robbery I with a Firearm, Burglary I with a Firearm, UUW with a Firearm, and Theft with a Firearm, and if he receives the agreed

**Government's Sentencing Memorandum**                                                    **Page 1**

upon total 156-month sentence in Multnomah County, then the federal government will recommend that the federal sentence run concurrently with that state court sentence.

## I.    Background

### A.    Defendant's Status at the Time of the Offense

Based on the convictions amassed in the nine (9) years leading up to this drug trafficking offense in 2023, defendant scores 21 criminal history points, placing him well beyond the thirteen points required for the highest federal Criminal History Category (CHC) VI.  PSR ¶¶ 54-60.  He is a convicted felon many times over.  Most recently, in November 2020, defendant was convicted of Delivery of Methamphetamine and Felon in Possession of a Firearm in Marion County and received a 42-month prison sentence.  PSR ¶ 58.  He was on post-prison supervision for that crime when he committed this very similar drug and gun offense in 2023. *Id*.

### B.    The Offense Conduct

On August 11, 2023, defendant dangerously eluded law enforcement during a traffic stop of the vehicle he was driving. Defendant drove at high rate of speed through a residential area, part of the time with a rear tire damaged by law enforcement spike strips. He drove off-road and into Cherry Park until his vehicle became too disabled to drive. At that point, defendant fled on foot. A K9 unit deployed and eventually found defendant. On his person, officers found $1,700 in cash.

During the search of defendant's vehicle, officers recovered a plastic resealable bag from the front seat area containing approximately 1,000 blue pills weighing about .1 gram each and weighing about 138 grams in total. These pills were made of a mixture and substance containing a detectable amount of fentanyl. Defendant possessed these pills on August 11, 2023, knowing they contained fentanyl and intending to distribute them to another person or persons. Fentanyl is

**Government's Sentencing Memorandum**                                                    **Page 2**

a Schedule II controlled substance. Law enforcement also recovered from the driver side floorboard a .223 caliber AR-15 style rifle with no make, model, markings, or serial number, loaded with a magazine containing thirteen .223 Remington cartridges.

### C.    The Charge

On October 3, 2023, the grand jury returned a four-count indictment charging defendant with drug trafficking and firearm crimes. ECF No. 1. On December 2, 2025, the government filed a Section 851 notice of intent to seek enhanced penalties on Count 1 due to defendant's prior serious drug felony offense.  ECF No. 33.  This 851 Notice increases the statutory mandatory minimum on Count 1 from five years' imprisonment to ten years' imprisonment.  On December 4, 2025, defendant pleaded guilty to Count 1 of the Indictment charging Possession with Intent to Distribute over 40 grams of Fentanyl, a violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B). ECF No. 35.

### D.    The Sentencing Guidelines Applied to This Case

By plea agreement, the parties stipulated and agreed to the following guidelines which are accurately reflected in the PSR computations:

| Count 1:  21 U.S.C. § 841(a)(1), (b)(1)(B) – PWID over 40 grams Fentanyl | | |
|---|---|---|
| USSG § 2D1.1 | Base Offense Level | 24 |
| USSG § 2D1.1(b)(1) | Gun bump | +2 |
| USSG § 3C1.2 | Reckless endangerment in flight | +2 |
| USSG §3E1.1(a) and (b) | Acceptance of Responsibility | -3 |
| | **Total Offense Level** | 25 |
| | **Criminal History Category** | VI (PSR ¶ 60) |

At TOL 25, CHC VI, the advisory guideline range is 110-137 months' imprisonment. PSR ¶ 77. The mandatory minimum sentence is 120 months' imprisonment.  Pursuant to the plea agreement, the government is recommending a 120-month sentence.

**Government's Sentencing Memorandum**                                                          **Page 3**

### E.    Abandonment and Fine

As part of his plea agreement, defendant agreed to abandon all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 924(d) and/or 28 U.S.C. § 2461(c) including all firearms involved in the offense, including associated ammunition and firearm listed in Count 3 of the indictment.  Defendant also agreed to pay, as a criminal fine, the $1,700 in U.S. currency seized from him at the time of his arrest.  Plea ¶ 15.

## II.    Government's Recommended Sentence

This repeat offender is a danger to the community.  He committed the instant offense of armed drug trafficking while on state supervision for the same exact thing. Moreover, he engaged in violent conduct *with a firearm* in July 2023 – Robbery I with a Firearm – conduct for which he is being convicted of in the week before federal sentencing.  PSR ¶ 62.

Supervision is not enough to protect the community from this offender. Short sentences are not enough to protect the community from this offender. The government recommends a sentence of 120 months' imprisonment, followed by an eight-year term of supervised release, and a $100 fee assessment. Such a sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

Dated: March 18, 2026,                    Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Leah K. Bolstad*
LEAH K. BOLSTAD, OSB #052039
Assistant United States Attorney

**Government's Sentencing Memorandum**                                        **Page 4**